422

## CIRCUIT COURT OF FAIRFAX COUNTY

Sharol Askin

 v.

Kurt Askin

January 22, 1990

Case No. (Chancery) 101442

## By JUDGE THOMAS J. MIDDLETON

This matter is before the court on defendant Kurt Askin's motion seeking an award of damages and legal fees from the plaintiff Sharol Askin. Specifically, defendant's motion seeks (1) the difference between the amount he would have paid under the parties' property settlement agreement and the amount he actually paid under the terms of an order entered by this court on July 25, 1989, and (2) legal fees and cost incurred by defendant in defending the validity of the parties' property settlement agreement. For the following reasons, defendant's motion is denied.

Incident to their divorce, plaintiff and defendant entered into a property settlement agreement (PSA) on January 12, 1989. The PSA required the defendant to pay the plaintiff $600.00 per month as child support for their minor son and $475.00 per month as spousal support, beginning July 1, 1989. The PSA also required the defendant to pay the first trust on two properties owned jointly by the plaintiff and defendant until June 31, 1989, when the plaintiff would gain sole title and sole responsibility for paying all encumbrances on those properties. The plaintiff, however, filed a motion to set aside the PSA on June 28, 1989. Trial on that issue was heard on November 22, 1989. In the interim, defendant moved for an order requiring him to pay $500.00 per month as combined child

and spousal support and to continue paying the mortgages on all the property of the parties, including the two properties which the plaintiff was to pay for under the PSA. This order was entered on July 25, 1989, with the endorsement of defendant's counsel and the exception of plaintiff's counsel.

The terms of the July 25, 1989, order requested and consented to by defendant, preclude the defendant from obtaining the damages he seeks. Since the order did not specify when payments would cease, the terms of the order governed until the PSA was ruled valid. Furthermore, the order did not state that defendant would be entitled to reimbursement if the PSA was upheld. Defendant got what he asked for in that order and is not entitled to damages for complying with it.

Defendant's request for legal fees and costs in defending the PSA is also denied. The PSA provides that the party in default on any provision of the PSA will indemnify the other for attorney's fees and costs. There is no evidence that plaintiff defaulted on any of the PSA's provisions prior to the entry of the July 25, 1989, order, which supervened the PSA. Nor can defendant receive attorney's fees and costs under the terms of this court's November 19, 1989, order which grants defendant his legal costs if plaintiff's challenge to the PSA is found to be "frivolous." The evidence presented on the validity of the PSA was not "frivolous." A decision which turns upon the weight accorded to the conflicting testimony of two experts does not reflect a frivolous argument. There is therefore no basis to award defendant his legal fees and costs.